IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FRAZIER TODD, JR., | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-00403-MHC-RDC-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:20-CV-04125-MHC-RDC |

**FINAL REPORT AND RECOMMENDATION**

Movant Frazier Todd, Jr., confined at Federal Correctional Institution Forrest City Low in Forrest City, Arkansas, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 255.) Respondent filed a response in opposition to the motion. (Doc. 259.)

For the reasons stated below, it is **RECOMMENDED** that the instant motion to vacate (Doc. 255) be **DENIED**.

**I.   BACKGROUND**

In 2017, pursuant to a jury trial, Movant was convicted of conspiracy to commit mail and wire fraud (Count 1), in violation of 18 U.S.C. § 1349; obstructing and impeding the internal revenue laws (Count 2), in violation of 18 U.S.C. §§ 7212(a), 2; and ten counts of false claims and aiding and abetting (Counts 3 and 6–14), in violation of 18 U.S.C. §§ 287, 2, and he was sentenced to a total active

term of 222 months of imprisonment. (Doc. 171.) On direct appeal, Movant raised the following claims:

    (1)    The Court erred in admitting Movant's prior criminal conviction and his testimony before Congress;

    (2)    The Court erred in admitting the transcript of Movant's congressional testimony because it was not properly authenticated;

    (3)    The Court erred in calculating the loss amount; and

    (4)    The Court erred in calculating the restitution amount.

(Doc. 259-2 at 10.) The Eleventh Circuit affirmed Movant's conviction and sentence. *United States v. Todd*, 791 F. App'x 10 (11th Cir. 2019).

Movant subsequently filed the instant § 2255 motion raising the following claims:

    (1)    The Court erred in admitting Movant's testimony before Congress even though the testimony was given pursuant to a grant of immunity, thereby violating Movant's right against self-incrimination;

    (2)    Movant received ineffective assistance of trial counsel when counsel failed to object to the admission of Movant's congressional testimony as hearsay;

    (3)    Movant received ineffective assistance of trial counsel when counsel failed to object to the Government's loss exhibits, thereby leading to an incorrect loss amount and incorrect restitution amount;

    (4)    Movant received ineffective assistance of trial counsel when counsel failed to object to the admission of Movant's prior conviction under Federal Rule of Evidence 404(b);

2

  (5) Movant received ineffective assistance of trial counsel when counsel failed to argue that the admission of Movant's congressional testimony violated his right against self-incrimination; and

  (6) Movant was denied due process, a fair trial, and equal protection under the law because the ends of justice have not been served.

(Doc. 255 at 4–8, 13–15; Doc. 255-1 at 5–13.)

**II.** **DISCUSSION**

 *A.* *Claims 1 and 5*

To prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019). Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* (internal quotation marks omitted). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Second, a prisoner must show that he suffered prejudice as a result of counsel's deficient performance. *Id.* To establish prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability

3

is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

In Claim 1, Movant argues that the Court admitted his testimony before Congress even though the testimony was given pursuant to a grant of immunity, thereby violating Movant's right against self-incrimination.[1] (Doc. 255 at 4; Doc. 255-1 at 5–6.) In particular, he contends that because his congressional testimony was compelled, the Court was required to hold a hearing under *Kastigar v. United States*, 406 U.S. 441 (1972), and the testimony could not be used against him in any criminal case. (Doc. 255-1 at 5–6.) In Claim 5, Movant argues that he received ineffective assistance of trial counsel when counsel failed to raise Claim 1 before

---

[1] Claim 1 ordinarily would be procedurally defaulted because Movant could have raised this claim on direct appeal yet failed to do so. *See Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021) ("A defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." (brackets and internal quotation marks omitted)), *cert. denied*, 142 S. Ct. 1233 (2022); *see also id.* (explaining that such a claim is procedurally defaulted unless the movant can "(1) show cause to excuse the default *and* actual prejudice from the claimed error, or (2) show that he is actually innocent" of his conviction); *Lynn v. United States*, 365 F.3d 1225, 1243 (11th Cir. 2004) (noting that "the procedural default rule does not depend on whether a movant never filed a direct appeal or appealed but raised different issues"). However, as further explained below, because both Claim 1 as well as Claim 5—which could serve as cause to excuse the default of Claim 1—fail on the merits, the Court need not consider the issue of procedural default further.

4

the Court—that is, that the admission of Movant's congressional testimony violated his right against self-incrimination. (Doc. 255 at 13–14.)

Under the Fifth Amendment, "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "This clause is violated only when compelled testimony is used against the witness in a criminal case." *Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795, 823 (11th Cir. 2017). The right against self-incrimination protects an accused from "being compelled to testify against himself" or from "provid[ing] the State with evidence of a testimonial or communicative nature." *Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990) (internal quotation marks omitted).

> Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
>
> . . .
>
> (3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House,
>
> and the person presiding over the proceeding communicates to the witness an order issued under this title, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

5

18 U.S.C. § 6002; *see also Kastigar*, 406 U.S. at 453 (holding that "such immunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination" under the Fifth Amendment). In addition:

> In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to either House of Congress, or any committee, or any subcommittee of either House, or any joint committee of the two Houses, a United States district court shall issue, in accordance with subsection (b) of this section, upon the request of a duly authorized representative of the House of Congress or the committee concerned, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this title.

18 U.S.C. § 6005(a).

Here, in 1994, Movant testified before the Subcommittee on Oversight of the Committee on Ways and Means of the House of Representatives regarding the vulnerability of IRS filing systems to tax refund fraud. (Doc. 259-1 at 8–15.) At the hearing, Movant admitted that he had been convicted in 1992 for conspiracy to commit tax fraud and discussed the conduct that led to that conviction. (*Id.* at 8–9.) However, Movant has failed to demonstrate that § 6002 applies to his testimony because he has not shown that he was compelled to testify. In particular, Movant never refused to testify and never invoked his right against self-incrimination. (*See id.* at 8–15.) As a result, Congress never sought an order from a United States district court requiring Movant to testify. Thus, Movant never

6

received immunity, and the admission of Movant's prior congressional testimony did not violate his rights. *See* 18 U.S.C. §§ 6002, 6005(a); *United States v. Gilliland*, 807 F.2d 899, 900–01 (11th Cir. 1987) (concluding that a defendant's nonimmunized testimony could be used against him).

Movant argues, nonetheless, that a writ of habeas corpus ad testificandum issued by the United States District Court of the District of Columbia to produce Movant at the congressional hearing constitutes an order contemplated by § 6005(a) granting him immunity. (Doc. 255 at 13; *see* Doc. 255-3 at 3–4.) However, such a writ is not a proper writ for purposes of § 6005(a) and instead merely requires the production of Movant for the testimony rather than compelling him to testify. *See, e.g.*, *United States v. Raphael*, 487 F. App'x 490, 498–99 (11th Cir. 2012) (noting that the defendant was protected by the Fifth Amendment despite the issuance of a writ of habeas corpus ad testificandum).

Accordingly, the Court did not err in allowing the admission of this testimony. *See* 18 U.S.C. §§ 6002, 6005(a). Similarly, counsel was not ineffective for failing to argue that the Court erred on this point. *See Khan*, 928 F.3d at 1272; *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief."). As a result, Movant is not entitled to federal habeas relief as to these claims.

*B.     Claim 2*

In Claim 2, Movant argues that he received ineffective assistance of trial counsel when counsel failed to object to the admission of Movant's congressional testimony as hearsay. (Doc. 255 at 5; Doc. 255-1 at 6–8.)

As a general matter, hearsay is inadmissible as evidence. Fed. R. Evid. 802. However, "an opposing party's own out-of-court statements that are offered against him are not hearsay." *United States v. Santos*, 947 F.3d 711, 723–24 (11th Cir. 2020); *see* Fed. R. Evid. 801(d)(2). Furthermore, public records are not excluded by the rule against hearsay and may be admitted as evidence. Fed. R. Evid. 803(8).

Here, Movant's congressional testimony was not hearsay because it was used against him at trial. *See Santos*, 947 F.3d at 723–24; Fed. R. Evid. 801(d)(2)(A). In addition, the transcript of his testimony is admissible as an exception to the rule against hearsay because it is a public record. *See* Fed. R. Evid. 803(8). Movant has not made a showing that the transcript is unreliable such that it should not be admitted. *See* Fed. R. Evid. 803(8)(B). Indeed, the Eleventh Circuit already concluded that the transcript was reliable, holding that "[t]he transcript was admissible as a self-authenticating document that contained 'a seal purporting to be that of the United States . . . or a department, agency, or officer of an entity named above.'" *Todd*, 791 F. App'x at 13 (ellipsis in original) (quoting Fed. R. Evid.

901(1)(A)); *see also Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence that he already raised and that [the appellate court] rejected in his direct appeal." (citation and internal quotation marks omitted)); *accord United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (brackets and internal quotation marks omitted)).

Thus, because Movant's congressional testimony was admissible, counsel was not ineffective for failing to argue that Movant's congressional testimony constituted inadmissible hearsay. *See Khan*, 928 F.3d at 1272; *Pinkney*, 876 F.3d at 1297. Consequently, Movant is not entitled to federal habeas relief as to this claim.

C.   *Claim 3*

In Claim 3, Movant argues that he received ineffective assistance of trial counsel when counsel failed to object to the Government's loss exhibits, thereby leading to an incorrect loss amount and incorrect restitution amount. (Doc. 255 at 7; Doc. 255-1 at 8–10.)

With respect to restitution, Movant has failed to state a claim upon which relief can be granted, as claims regarding restitution are not cognizable in a 28 U.S.C. § 2255 motion. *See Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir.

2009) (holding that challenges to restitution are not cognizable in a § 2255 motion, regardless of whether the motion also contains cognizable claims); *Finley-Sanders v. United States*, No. 1:20-CR-263-MLB-JKL, 2022 WL 2783853, at *1 (N.D. Ga. Apr. 21, 2022) (observing that "to the degree Movant attempted to challenge the restitution portion of her sentence by arguing that counsel was ineffective in failing to object to the restitution amount, any such challenge is not cognizable under § 2255"), *report and recommendation adopted*, No. 1:20-CR-263-MLB, 2022 WL 2063729 (N.D. Ga. June 8, 2022), *appeal dismissed*, No. 22-12191-G, 2022 WL 4481549 (11th Cir. Aug. 1, 2022).

With regard to the loss amount, counsel did raise this issue before the Court. (*See* Doc. 196 at 3, 42.) Counsel cannot be deficient for doing exactly what Movant alleges counsel failed to do. In addition, the Eleventh Circuit ruled on this issue on direct appeal, affirming the loss amount found by the Court. *Todd*, 791 F. App'x at 13–15. As discussed above, Movant may not relitigate this issue in a § 2255 motion. *See Stoufflet*, 757 F.3d at 1239; *Nyhuis*, 211 F.3d at 1343. Counsel did not act deficiently and consequently was not ineffective. *See Khan*, 928 F.3d at 1272; *Pinkney*, 876 F.3d at 1297. Accordingly, Movant is not entitled to relief on this claim.

D.   *Claim 4*

In Claim 4, Movant argues that he received ineffective assistance of trial counsel when counsel failed to object to the admission of Movant's prior conviction under Federal Rule of Evidence 404(b). (Doc. 255 at 8; Doc. 255-1 at 11.)

However, counsel did raise this issue before the Court. (*See* Doc. 127 at 3; Doc. 134 at 9–11.) Once again, counsel cannot be deficient for doing exactly what Movant alleges counsel failed to do. In addition, the Eleventh Circuit ruled on this issue on direct appeal, affirming the Court's determination that Movant's prior conviction was admissible despite its age due to its relevance to the charges at hand. *Todd*, 791 F. App'x at 12–13. As discussed above, having already lost on direct appeal, Movant may not relitigate this issue in a § 2255 motion. *See Stoufflet*, 757 F.3d at 1239; *Nyhuis*, 211 F.3d at 1343. Counsel did not act deficiently and consequently was not ineffective. *See Khan*, 928 F.3d at 1272; *Pinkney*, 876 F.3d at 1297. Accordingly, Movant is not entitled to relief on this claim.

E.   *Claim 6*

Finally, in Claim 6, Movant argues that he was denied due process, a fair trial, and equal protection under the law because the ends of justice have not been served. (Doc. 255 at 15.) However, this claim is entirely conclusory. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (cautioning

11

that although pro se litigants are afforded liberal construction of their pleadings, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action" (internal quotation marks omitted)); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him."); *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (reiterating that "a § 2255 movant bears the burden to prove the claims in his § 2255 motion" (internal quotation marks omitted)). Furthermore, as discussed above, Movant has not shown that his rights have been violated. Accordingly, Movant is not entitled to relief on this claim.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV. **CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that the instant motion to vacate (Doc. 255) be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 12th day of December, 2023.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE