## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **FRAZIER TODD, JR.,** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |
| **Movant,** | |
| | **CRIMINAL ACTION FILE**<br>**NO. 1:15-CR-0403-MHC-RDC** |
| **v.** | |
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION FILE**<br>**NO. 1:20-CV-4125-MHC-RDC** |
| **Respondent.** | |

## <u>ORDER</u>

This matter is before the Court for consideration of the Final Report and

Recommendation ("R&R") [Doc. 262], in which the Magistrate Judge

recommends that Movant Frazier Todd, Jr., ("Movant")'s 28 U.S.C. § 2255 motion

to vacate his conviction or sentence ("2255 Mot.") [Doc. 255] be denied.[1]  The

Order for Service of the R&R [Doc. 263] provided notice that, in accordance with

28 U.S.C. § 636(b)(l), the parties were authorized to file objections within fourteen

(14) days of the service of that Order.  Movant filed his objections to the R&R on

---

[1] Although Movant's motion has been docketed as a new civil action, <u>see</u> <u>Frazier</u>
<u>Todd, Jr. v. United States</u>, No. 1:20-cv-04125-MHC (N.D. Ga. Oct. 6, 2020), the
Court will refer to the docket in Movant's original criminal proceedings, <u>United</u>
<u>States v. Frazier Todd, Jr.</u>, No. 1:15-cr-00403-MHC-RDC-1.

February 12, 2024 ("Mvt.'s Objs.") [Doc. 268].  The Government has filed a

response in opposition to Movant's Objections ("Gov't Resp.") [Doc. 269].

## I.   BACKGROUND

On December 8, 2016, a jury convicted Movant of one count of a conspiracy

to commit mail and wire fraud in violation of 18 U.S.C. § 1349, one count of

obstructing and impeding the internal revenue laws in violation of 26 U.S.C.

§ 7212(a) and 18 U.S.C. § 2, and ten counts of false claims and aiding and abetting

in violation of 18 U.S.C. §§ 287 and 2.  Jury Verdict [Doc. 156]; J. in a Crim. Case

[Doc. 171] at 1.  On April 5, 2017, this Court sentenced Movant a total period of

incarceration of 222 months, followed by three years of supervised release, and

ordered that he pay $3,631,466.00 in restitution.  J. in a Crim. Case at 2-3, 5.

Relevant to the discussion below, Movant was previously convicted in 1992

for conspiring to commit tax fraud and, in 1994, testified before "a Congressional

subcommittee discussing the conduct that led to that conviction."  United States v.

Todd, 791 F. App'x 10, 12 (11th Cir. 2019).  In the instant case, Movant was

convicted of filing thousands of sham tax returns on behalf of clients that falsely

claimed an entitlement to certain tax credits, which conviction Movant appealed.

Id. at 11-12.  In his appeal, Movant claimed, *inter alia*, that this Court erred in

admitting the evidence of his prior 1992 conviction and the contents of his

subsequent Congressional testimony under Federal Rule of Evidence 404(b).  Id. The Eleventh Circuit affirmed Movant's conviction, holding that this Court did not abuse its discretion in admitting the evidence.  Id. at 13.  The Eleventh Circuit further concluded that this Court did not err in calculating the loss amount resulting from Movant's offenses.  Id. at 13-14.

Movant subsequently filed the instant § 2255 motion raising the following six claims for relief:

1.    The Court erred when it allowed "immunized Congressional testimony transcripts" in violation of the Fifth Amendment;

2.    He received ineffective assistance of trial and appellate counsel for improper objection to the introduction of the 404(b) evidence;

3.    He received ineffective assistance of counsel at sentencing for improper objection to loss calculation;

4.    He received ineffective assistance of counsel by counsel's failure to challenge the "age" of Movant's prior 1992 conviction;

5.    The admission of Movant's Congressional testimony violated his Fifth Amendment right against self-incrimination; and

6.    Movant was denied his right to Due Process under the Fifth Amendment, a fair trial under the Sixth Amendment, and equal protection under the laws under the Fourteenth Amendment.

See generally 2255 Mot; Mem. of Law and Facts in Supp. of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 255-1].  After the Government filed its response [Doc. 259], the Magistrate Judge reviewed the

3

parties' arguments and determined that Movant is not entitled to relief under any of the grounds asserted.

## II.   LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(l). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(l), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093,1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(l) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

4

## III.   DISCUSSION

In his objections, Movant objects only to the Magistrate Judge's determinations that Movant is not entitled to relief with respect to Grounds 1 and 3. Accordingly, this Court has reviewed the Magistrate Judge's determinations regarding Movant's other Grounds and finds no plain error.

### A.   Ground 1

In his Ground 1, Movant claims that this Court erred in admitting his Congressional testimony into evidence because that testimony was given pursuant to a grant of immunity.[2]  The Magistrate Judge concluded that the statute under which Movant could claim such immunity, 18 U.S.C. § 6002, was not triggered because Movant has not demonstrated that his testimony was compelled under the terms of the statute.  R&R at 6.  Under the statute, if a witness invokes his privilege against self-incrimination during Congressional testimony, the committee chairman can compel the testimony by obtaining an order from a United States

---

[2] Movant's Ground 1 is procedurally defaulted as Movant could have, but did not, raise the claim in his direct appeal.  See Granda v. United States, 990 F.3d 1272, 1286 (11th Cir. 2021).  The Magistrate Judge reviewed the claim on the merits because Movant claimed in Grounds 2 and 5 that his trial counsel had been ineffective in failing to challenge the admission of the Congressional testimony, which claims, if successful, would have demonstrated cause and prejudice to overcome the default in Ground 1.

District Court, but that testimony cannot then be used against the witness in a later criminal case.  Id. §§ 6002, 6005.  In this case, the Magistrate Judge found that Movant did not assert his privilege against self-incrimination during his Congressional testimony, and the committee chairman did not obtain a district court order to compel Movant's testimony.  The Magistrate Judge also found that the writ of habeas corpus ad testificandum issued by the United States District Court for the District of Columbia, which ordered Movant be produced at the Congressional hearing, did not constitute an "order" as contemplated by § 6005(a).  R&R at 7.  Accordingly, the Magistrate Judge found that § 6002 immunity does not apply.  Id.

In his objections, Movant cites to cites Adams v. Maryland, 347 U.S. 179 (1954), to support his argument that immunity for testimony before Congress is self-executing.  Mvt.'s Obj. at 1-4.  However, as the Government correctly points out, Adams applies an earlier version of the statute that was codified at 18 U.S.C. § 3486 and was repealed in 1970.  Gov't's Resp. at 11.  The now-operative statute, § 6002, clearly requires that immunity for Congressional testimony attaches only when the testifying witness invokes his privilege against self-incrimination and a district court order is obtained to compel the testimony; neither of those things happened in relation to Movant's testimony.  Movant arguments that the

6

Magistrate Judge erred in finding that the writ of habeas corpus ad testificandum was not akin to an ordered as contemplated by 18 U.S.C. § 6005 are similarly unavailing. See, e.g., United States v. Lach, 874 F.2d 1543, 1546 (11th Cir. 1989) (holding that the issuance of a writ of habeas corpus ad testificandum is the proper method of obtaining a witness's presence to testify) (citing cases). Such writs are directed to the custodian, not to the testifying prisoner, compelling the presence of the prisoner as a witness. See 28 U.S.C. § 2243 ("[T]he person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.). Finally, Movant's contention that his Congressional testimony should not have been admitted under Kastigar v. United States, 406 U.S. 441 (1972), likewise fails because that case related to the question of the prosecution's burden of proof when bringing a criminal case against a person who has been previously granted court-ordered immunity for, e.g., grand jury testimony. As discussed, no court granted Movant immunity for his Congressional testimony, and he is thus not entitled to relief.

## B.    Ground 3

In his Ground 3, Movant argues that he received ineffective assistance of trial counsel when counsel failed to object to the Government's loss exhibits, thereby leading to an incorrect loss amount and incorrect restitution amount. The

7

Magistrate Judge determined that the claim failed because claims regarding restitution are not cognizable in a 28 U.S.C. § 2255 motion.  R&R at 9-10 (citing Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) (holding that challenges to restitution are not cognizable in a § 2255 motion, regardless of whether the motion also contains cognizable claims)).  The Magistrate Judge further pointed out that (1) Movant's trial counsel did challenge the Court's loss calculation, and counsel cannot be deemed deficient for doing just what Movant alleged he failed to do, and (2) in Movant's direct appeal, the Eleventh Circuit affirmed the loss amount reached by this Court, and this Court may not relitigate that issue in a § 2255 proceeding.  R&R at 10.

In his objections, Movant argues that the R&R is contrary to the holding in the case of his codefendant, whose restitution was lowered, and due process, equal protection, and fundamental fairness grounds require that his restitution be similarly lowered.  Mvt.'s Objs. at 4.  Movant is correct that his codefendant, Roberta Sheffield, had her restitution amount lowered from $3,461,638.00 to $3,325,638.00 [Doc. 247].  However, to the degree that Movant might be entitled to a similar reduction, he may not seek it under § 2255.  See Mamone, 559 F.3d at 1211.

**IV. Conclusion**

After conducting a de novo review of those portions of the R&R to which Movant objects and reviewing the remainder of the R&R for plain error, it is hereby **ORDERED** that Movant's objections to the R&R [Doc. 268] are **OVERRULED**.  The Court **ADOPTS** the R&R [Doc. 262] as the Opinion and Order of the Court, and the 28 U.S.C. § 2255 motion to vacate [Doc. 255] is **DENIED**.

The Clerk is **DIRECTED** to close Civil Action Number 1:20-CV-4125-MHC.

This Court further agrees with the Magistrate Judge that Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, Movant is advised that he may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED** this _27th_ day of March, 2024.


MARK H. COHEN
United States District Judge

9